James B. Zouras, *pro hac vice*
jzouras@stephanzouras.com
Ryan F. Stephan, *pro hac vice*
rstephan@stephanzouras.com
Justin M. Caparco, *pro hac vice*
jcaparco@stephanzouras.com
**STEPHAN ZOURAS, LLC**
222 West Adams Street, Suite 2020
Chicago, Illinois 60606
Phone: 312-233-1550

Matthew C. Helland, State Bar No. 250451
helland@nka.com
**NICHOLS KASTER, LLP**
235 Montgomery Street, Ste. 810
San Francisco, CA 94104
Telephone: (415) 277-7235

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAROLUS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COINBASE GLOBAL, INC., COINBASE INC., AND COINBASE BERMUDA SERVICES LIMITED,<br><br>Defendant. | Case No. 3:25-cv-03089-CRB<br><br>**PLAINTIFF'S RESPONSE TO COINBASE'S STATEMENT OF RECENT DECISION**<br><br>Date: September 19, 2025<br>Time: 10:00 a.m.<br>Judge: Honorable Charles R. Breyer<br>Location: Via videoconference |

1

Plaintiff files this response to explain why he has not stipulated to arbitration, despite the unusual circumstance where this Court recently compelled arbitration for the same underlying agreement for the same defendant. *Cordero v. Coinbase, Inc.*, No. 3:25-cv-4024-CRB, 2025 WL 2223495 (N.D. Cal. Aug. 5, 2025). Plaintiff respectfully submits that *Cordero* does not control here because it was decided on a materially different record.

In *Cordero*, the plaintiff did not challenge the AAA's Mass Arbitration Supplementary Rules. *See* <u>Exhibit 1</u>, Cordero's Response, at 7, 12 n.9. The rules challenged by *Cordero*—the User Agreement and the AAA's Consumer rules—provide for consolidated individual arbitrations but are silent on whether batched proceedings bind absent claimants. *Id.*; *see also* ECF No. 33-1, Ex. 5, App'x 5, § 1.8. On that record, this Court accepted the premise that "[t]here are no … proceedings that bind absent parties." *Cordero*, 2025 WL 2223495, at *5. Plaintiff agrees that, based on the *Cordero* record, the Court's decision was correct: consolidation alone does not raise the due process concerns addressed in *Heckman* and *Jones*. *See, e.g., Jones v. Starz Entertainment, LLC*, 129 F.4th 1176, 1182 (9th Cir. 2025) ("Consolidation is not the same as class or representative arbitration.").

Here, however, the record is different. Coinbase's User Agreement incorporates the AAA's Consumer Arbitration Rules ***and*** the AAA's Mass Arbitration Supplementary Rules.[1] ECF No. 34, at 2. Those Supplementary Rules—while retaining a consolidated structure—expressly authorize arbitrators to apply precedent from prior batched proceedings to both substantive and jurisdictional issues, thus binding absent parties. *See* ECF No. 34, at 2-3, 5, 12 (citing MA-6(c)(x) and MA-6(d)).[2]

These provisions—establishing that Coinbase's arbitration procedures bind absent parties—were not before this Court in *Cordero*. This binding-precedent feature is precisely what takes an arbitration agreement outside the FAA's protections, consistent with *Heckman* and *Jones*. For these reasons, *Cordero* is not controlling here.

---

[1] Coinbase does not dispute this. *See* ECF No. 36, at 3.

[2] While Coinbase argued that the AAA's Mass Arbitration Rules allow claimants to "address applicability of [previous] rulings," it did not dispute that the arbitrator has authority to decide jurisdictional issues—such as the enforceability of the delegation clause—on a non-individualized basis. ECF No. 37, at 6 (not addressing MA-6(d)); *compare with* ECF No. 34, at 12 (discussing MA-6(d)). In any event, applying the rulings of earlier cases is, by definition, applying precedent.

Dated: August 19, 2025

Respectfully submitted,

**STEPHAN ZOURAS, LLC**

By: _/s/  Justin M. Caparco_
    Justin Caparco
    *Counsel for Plaintiff*